Tantania Deborah **DOBBINS,**
et al., **Appellants,**

v.

**Juan M. BURFORD, et al., Appellees.**

No. 02–CV–470.

District of Columbia Court of Appeals.

May 30, 2002.

Rena Schild, Washington, was on appellee's motion to dismiss.

Jason Kerpelman, Baltimore, MD., was on appellants' opposition to the motion to dismiss.

Before SCHWELB and RUIZ, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM.

On January 31, 2002, the Superior Court issued a Memorandum Opinion and Order granting the appellees' motions for summary judgment and entering judgment against the appellants. Although the trial judge specifically directed the Clerk of the Superior Court to docket the judgment that same day, it was not actually docketed until March 19, 2002. This appeal was noted on April 18, 2002, and was followed by appellee Elaine Pinderhughes' motion to dismiss on May 8, 2002.

As a case on the Civil I calendar, this case was designated for electronic filing under the Superior Court's electronic filing pilot program. *See* Administrative Order No. 01–06, "Order Establishing and Governing the Use of Electronic Filing." Appellee argues this appeal should be dis-

missed because the order and judgment were electronically filed on January 31st, and the e-filing rules promulgated by Administrative Order No. 01–06 state that service of an order is complete when it is received by the Superior Court's designated Vendor. *See* Super. Ct. Civ. E F.R. 2(a)-(b), 7, 11, 14. But time of service by itself is irrelevant to this court's jurisdiction, and an Administrative Order of the Superior Court does not alter this court's rules regarding the timely noting of an appeal. A civil appeal must be noted within thirty days of entry of the judgment or order. *See* D.C.App. R. 4(a)(1). A judgment or order is not "entered" until it is placed on the civil docket of the Superior Court. *See* D.C.App. R. 4(a)(3); Super. Ct. Civ. R. 58, 79(a); *District of Columbia v. Murtaugh,* 728 A.2d 1237 (D.C.1999). Here, that did not occur until March 19th. Accordingly, this appeal was timely noted on April 18th and the appellee's motion to dismiss is hereby denied.

*So ordered.*